**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JOSEPH BLACK,

       Plaintiff,

          v.

LINCOLN NATIONAL LIFE INSURANCE,

       Defendant.

No. 16 C 5614

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

Joseph Black was awarded a judgment in Illinois state court on allegations that his step-mother fraudulently received proceeds from a Lincoln National Life Insurance policy on the life of Black's late father. Black now alleges that Lincoln National violated the Employee Retirement Income Security Act when it paid out the policy's proceeds to Black's step-mother. R. 1. Black also alleges a breach of contract claim. *Id.* Lincoln National has moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 10. For the following reasons, the motion is granted in part and denied in part.

**Legal Standard**

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

### Background

Black's father died on August 10, 2011. R. 1-2 ¶ 2. At the time of his death, Black's father was employed by Superior Air Ground Ambulance Service, and was insured under Superior Air's Lincoln Financial Group Life insurance policy. *Id.* ¶ 3. The policy provided $125,000 to the policy's beneficiaries. *Id.*

In September 2013, Black sued his step-mother, Lincoln National, and MB Financial Bank in state court, seeking the policy proceeds. *See* R. 11-1. Black alleged that his step-mother wrongfully obtained the life insurance proceeds from Lincoln National and deposited them into a MB Financial bank account. *See id.*

Specifically, Black alleged claims for a constructive trust, a preliminary injunction, and an accounting. *Id.* at 3-5.

Lincoln National moved to dismiss, arguing that Black's claims were preempted by ERISA. *See* R. 15-1 at 4-14. Black did not file a response, and the state court granted the motion on April 18, 2014. The state court's entire order stated as follows:

> This matter comes before the Court on April 18, 2014 for hearing on the Motion to Dismiss Plaintiff's Complaint pursuant to 735 ILCS 2/619, filed by Lincoln National Life Ins. Co. incorrectly names as "Lincoln Financial Group" (hereafter "Lincoln"), the Court having been fully advised in the premises, Plaintiff having informed the Court that Plaintiff is considering options available under ERISA
> It is hereby ordered:
> Lincoln's Motion to Dismiss is granted with prejudice. The status hearing set for May 14, 2014 at 9:30 am stands. No appearance by Lincoln is necessary.

R. 11-2 at 2. In March and April 2015, the state court also eventually resolved Black's claims against his step-mother and MB Financial by ordering MB Financial to turn over the remaining $37,700.54 balance in Black's step-mother's account, and by entering a $100,000 judgment against his step-mother for "conversion and fraud." *See* R. 11-3; R. 11-4. Black states in his brief that he has received a total of $51,682 from his step-mother. *See* R. 15 at 3.

Black then filed a complaint in Illinois state court on January 12, 2016. In that complaint, Black sought to recover $125,000—the amount of the policy proceeds—from Lincoln National, arguing that Lincoln National violated ERISA and breached the terms of the policy when it paid the policy proceeds to Black's

step-mother. Lincoln National removed that complaint to this Court on May 26, 2016.

## Analysis

Lincoln National argues that Black's claims should be dismissed for the following reasons: (1) res judicata; (2) ERISA preempts Black's breach of contract claim; and (3) Black is seeking an impermissible double recovery.

### I.    Res Judicata

Lincoln National argues that Black's claims are barred by res judicata. "In Illinois, res judicata extends to all questions actually decided in a previous action as well as to all grounds of recovery and defenses which might have been presented in the prior litigation." *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 956 (7th Cir. 1997) (citing *La Salle Nat'l Bank v. Cnty. Bd. of Sch. Trustees*, 337 N.E.2d 19, 22 (Ill. 1975)). Res judicata bars a subsequent action if three requirements are met: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies." *Whitaker,* 129 F.3d at 956 (quoting *Downing v. Chi. Transit Auth.,* 642 N.E.2d 456, 458 (Ill. 1994)). With respect to the second element, the "identity of the cause of action," Illinois employs the "transactional" test, which provides that "separate claims will be considered the same cause of action for purposes of res judicata if they arise from a single group of operative facts." *Amari Co., Inc. v. Burgess,* 955 F. Supp. 2d 868, 881 (N.D. Ill. 2013) (quoting *River Park, Inc. v. City of Highland Park,* 703 N.E.2d 883, 893 (Ill. 1998)). This is a broad

4

standard: two causes of action with overlapping facts will pass the transactional test "regardless of whether they assert different theories of relief" and "even if there is not a substantial overlap of evidence." *River Park*, 703 N.E.2d at 893. "The doctrine prohibits not only those matters which were actually litigated and resolved in the prior suit, but also any matter *which might have been raised* in that suit to defeat or sustain the claim or demand." *Kosydor v. Am. Express Centurion Servs. Corp.*, 979 N.E.2d 123, 128 (Ill. App. Ct. 5th Dist. 2012) (quoting *Rein v. Noyes & Co.*, 665 N.E.2d 1199, 1205 (Ill. 1996) (emphasis added)).

Black argues that there is no "identity" between this action and his state court action, because the state court action "did not contain claims for either ERISA or breach of contract." R. 15 at 3. He also argues that certain facts alleged in this case were not alleged in the state court case. *Id.* at 4. But neither of these arguments changes the fact that both actions arise from the same operative facts, i.e., his step-mother convinced Lincoln National to pay her the proceeds of his father's life insurance policy. Both this action and the state court action were filed by Black to obtain the same policy proceeds. That Black asserts different theories of relief in this action is of no moment, because Black could have asserted claims for ERISA violations and breach of contract in the state court action. Black has not argued otherwise.

Black also argues, however, that his ERISA claim falls within an exception to res judicata under Illinois law according to which "a litigant's claims are not precluded if the court in an earlier action expressly reserves the litigant's right to

5

bring those claims in a later action." *Cent. States, Se. & Sw. Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 629 (7th Cir. 2002); *see also Hayes v. City of Chicago*, 670 F.3d 810, 815 (7th Cir. 2012) ("The Illinois Supreme Court outlined . . . scenarios where the application of res judicata would be inequitable [including when] . . . the court in the first action expressly reserved the plaintiff's right to maintain the second action . . . ."). "An express reservation requires that the intent be clearly and unmistakably communicated or directly stated." *Law Offices of Nye & Assocs., Ltd. v. Boado*, 970 N.E.2d 1213, 1218 (Ill. App. Ct. 2d Dist. 2012).

Lincoln National contends that the order's phrase—"Plaintiff is considering options available under ERISA"—"cannot be taken as an 'express' statement 'clearly and unmistakably' communicated by the [state court] that it reserved for Black the right to refile his lawsuit against Lincoln National." R. 17 at 5. But that is the only meaning it could have. There is no other conceivable purpose for that language except reservation of Black's right to bring an ERISA claim against Lincoln National. Additionally, Lincoln National's motion to dismiss Black's state court claims argued that they were preempted by ERISA, *see* R. 15-1 at 4-14, and Black did not file a response. This is further indication that Black asked the state court for the opportunity to bring an ERISA claim. Certainly, the order's intent could have been expressed more artfully. But it is clear that the state court intended to allow Black the opportunity to "consider" the "option" of bringing a claim "under ERISA," while at the same time dismissing the claims Black had brought against Lincoln National in the state court "with prejudice." Just because the order does not

6

specifically say, "Black's right to bring an ERISA claim against Lincoln National is reserved," does not mean that the state court's intent to do just that has not been "unmistakably communicated."

To the extent that there may be facts about the state court litigation indicating that Black's breach of contract claim was similarly reserved, Black has not raised them. Therefore, Black's breach of contract claim is barred by res judicata, but his ERISA claim was expressly reserved by the state court order.

## II.    Preemption

Lincoln National also argues that ERISA preempts Black's breach of contract claim because he "admits that ERISA governs his claims by explicitly asserting . . . [that he seeks] to recover benefits under his father's 'life insurance plan.'" R. 11 at 10. ERISA can preempt a breach of contract claim if the claim "require[s] interpreting or applying the [ERISA] Plan, [or if the claim] relate[s] to the Plan in any significant way." *Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. College of Wis., Inc.*, 657 F.3d 496, 504 (7th Cir. 2011). Lincoln National's argument for preemption, however, does not reference the terms of an ERISA plan or even the terms of the relevant insurance policy. Instead Lincoln National attempts to argue preemption simply on the basis of Black's allegations. But Black's breach of contract claim is clearly pleaded in the alternative in case his ERISA claim fails. A pleading in the alternative is not a basis for a preemption finding.

If Black is able to identify a basis for the Court to reconsider its decision that his breach of contract claim is barred by res judicata, the Court will also reconsider

whether ERISA preempts such a claim. But Lincoln National will have to address the relevant facts, not merely Black's allegations.

## III. Double Recovery

Lincoln National also argues that Black seeks a "double recovery" by filing this action because he already has a judgment against his step-mother. The rule against "double recovery" limits a plaintiff to "one full compensation for his or her injuries." *Thornton v. Garcini*, 928 N.E.2d 804, 811 (Ill. 2010). If a plaintiff has won a judgment and "is thereafter paid in full, the [plaintiff] has no enforceable claim against any other [defendant] who is responsible for the same loss." Restatement (Second) of Judgments, § 50, comment d. But until a plaintiff has been "paid in full," the plaintiff can continue to seek relief from additional defendants who allegedly caused the plaintiff's injury.

Here, Black won a judgment of $137,700.54 against his step-mother. He has been paid $51,682 of that judgment. To the extent Black's claims in this case seek relief for the same injury caused by his step-mother, i.e., the loss of the insurance proceeds, any recovery Black receives from his step-mother will likely set-off any amount he can recover from Lincoln National. It also may be, however, that part of the judgment against Black's step-mother would not contribute to a set-off against Lincoln National; possibly any award of punitive damages he may have received against his step-mother, for instance. In any case, the parties have not briefed issues of set-off or injury, and those issues are not before the Court on this motion. Suffice to say that Black's attempt to win a judgment against Lincoln National in

8

this Court does not necessarily raise the specter of a double recovery. And even if a jury were to award an amount to Black that would create double recovery when coupled with earlier awards, the Court could adjust that verdict to prevent a double recovery.

## Conclusion

For the foregoing reasons, Lincoln National's motion to dismiss, R. 10, is granted to the extent that Black's breach of contract claim is dismissed without prejudice, and is denied to the extent that Black's ERISA claim will proceed. If Black is aware of facts creating an exception to res judicata with respect to his breach of contract claim, he should be prepared to make such an argument at the status hearing set for November 10, 2016. If Black is unable to point to such facts, the dismissal of his breach of contract claim will become with prejudice.

ENTERED:

_Thomas M. Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: November 7, 2016